JOHN DOE ex dem. PEARSAL *vs.* THORP.

If a defendant, in an action of Ejectment, prove that he purchased the whole of the lot demanded—went into possession and cleared one acre, more than fifteen years before the commencement of the plaintiff's action, he will hold the whole lot by the statute of limitations. A possession of a part, under such purchase, being a possession of the whole, is a bar to the action.

THIS was an action of ejectment for two hundred acres of land in the town of Charlotte, being the —— division of the original Right of Jonathan Aikens.

Plea—*The General Issue.*

The plaintiff made a clear title to the Right of Jonathan Aikens in Charlotte, in the lessor, a severance among the proprietors, by which, the lot of land demanded was legally divided to the Right of said Aikens ; and also proved the defendant in possession.

*D. Chipman,* for defendant, stated that one Howlet purchased the lot in question of —— Walbridge, entered into posession and improved the same, as early as June, 1785.—That he continued in possession until he sold the lot to Moses Yale.—That Yale possessed and improved it till he sold fifty acres to Stephen Yale, and the remainder to Scovil.—That S. Yale and Scovil possessed and improved it till they afterwards severally sold to the defendant, who has since lived upon and improved the premises, and as a bar to the plaintiff's action, relied upon the clause of limitation in the statute for "settling disputes concerning landed property," there having been in the defendant and those under whom he claims, an uninterrupted possession against the lessor's title, from June, 1785, till the present time. The plaintiff's action not having been commenced, till long after the first day of July, 1788, the time limited for bringing actions in such cases.

Witnesses, on the part of the defendant, were then called to prove the purchase and possession of Howlet, and the sales and continuance of possession from Howlet, through the Yales and Scovil to the defendant. It appeared that the sales had in every instance been made by deed, which the defendant offered to prove by parol, without producing the deeds.

*Marsh,* for plaintiff, objected to proving by parol, a conveyance,

which appeared to have been made by deed, and insisted that the <span style="float:right">*Chittenden,*<br>January,<br>1797.</span> deeds ought to be produced—that such was the general rule of evidence.

Pearsal<br>*vs.*<br>Thorp.

*D. Chipman,* for plaintiff, contended that to prove a transfer of the possession merely, it was not necessary to produce the deeds— that for present purposes, a transfer without deed was sufficient. If there were deeds, they were superfluous. What might be done without deed, might be proved without deed. Besides, such have been the decisions in this Court.

The Court permitted the defendant to proceed with parol proof. Upon which the Chief Justice said that he concurred, because such had been the precedents in this Court. He was unwilling, therefore, to surprise the party, by altering the decisions at the moment of trial. He did not, however, see the distinction on which the decisions in this case were founded. It was true that the possession of land might be transferred without deed, but it might be also by deed; and if it be made by deed, the deed will prove it, and is surely better evidence than parol proof, according to the general rule of evidence, founded on the soundest principles. If the transfer was by deed, the deed, as in other cases, ought to be produced. It might also be important in ascertaining how much was possessed under such transfer.

The defendant failed in proving that Howlet possessed the premises in the year 1785, and the Jury found a verdict for the plaintiff.

Defendant entered a review.

On the trial of this action upon the review the next term, the plaintiff having, as on the former trial, shewn a title to the lot in question, the defendant relied on the statute of limitation, passed the 27th day of October, 1785.

To bring the case within the statute of limitations, the defendant proved that one Howlet, having purchased the lot in question of one Walbridge, went into possession in the month of October, 1785, before the 27th day of the month, and cleared one acre. The defendant also made out a regular chain of title from Walbridge to himself, and that the possession had accompanied the title.

*Hitchcock,* for the plaintiff, contended that the defendant had at

*Chittenden,*
*January,*
*1797.*

*Pearsal*
*vs.*
*Thorp.*

most acquired a title to the acre only which he had cleared, and that the plaintiff was entitled to recover the remaining part of the lot.

*D. Chipman,* for defendant, admitted that if Howlet had gone into possession of the lot without any purchase or claim, and made improvements on one acre only, he could not hold by the statute of limitations more than that acre, and possibly not that, as it might not appear that his possession was adverse to the plaintiff's title. But since he purchased the whole lot, and went into possession under the purchase, his possession of a part, was a possession of the whole, adverse to the plaintiff's title.

The Court decided, that as the defendant purchased the whole lot, and went into possession under such purchase, he was, in contemplation of law, in possession of the whole lot.

Verdict for the defendant.

Note —As a judgment in an action of ejectment, was not, at that time, a bar to another action of ejectment for the same land, the plaintiff brought an action of ejectment for the same lot, before the Circuit Court holden by Judges *Patterson* and *Paine.* On trial of the action at May term, 1799, the evidence was the same as on the last trial before the Supreme Court, and the only question was whether the defendant was entitled to the whole lot by the statute of limitations, or, to the acre only which he had cleared.

The Court decided that the defendant's possession of the one acre, under a purchase of the whole lot, was a possession of the whole lot, and the defendant had a verdict.