Sollick<br><em>vs.</em><br>Munson.

---

## Joel Doolittle *vs.* Horace Linsley.

<em>Addison,</em><br>January,<br>1827.

*Dicta.*—An entry upon land *without colour of title,* and occasional acts of cutting timber continued for fifteen years, but without any permanent improvements or enclosures, will not enable the claimant to defend in ejectment at the suit of *the owner.*

A trespasser upon land is not accountable to a prior trespasser upon the same land—the latter having manifested no claim or pretended to no right, has, in contemplation of law, no possession which can be disturbed. But,

*Held,* that a *prior occupancy,* accompanied by such acts as evince a claim of title, (that is,) such acts as would preclude the claimant from the benefits of a disclaimer in an action of ejectment by the owner, and such as would, if continued *fifteen* years, have barred the owner, is sufficient to entitle the person so seized to maintain trespass or ejectment against a stranger.

MOTION by the defendant for a new trial, founded on exceptions taken at the trial below, and certified to this court as follows : —

The cause was trespass, *quare clausum fregit.* On the trial, it appeared in evidence, that the lot in question was a wood or timber lot, and that no enclosure was made thereon.

The plaintiff gave in evidence, a survey of the lot (by metes and bounds) dated the 5th of April, 1798, to *E. Andrus ;* also a deed from *E. Andrus* to *C. Humphrey,* dated the 28th of January, 1805 ; also the record of a judgment, execution, and levy of *L. & R. Clark* against *C. Humphrey ;* also the record of a judgment, execution, and levy, *J. Doolittle* against *L. & R. Clark.* Testimony was also given on the part of the plaintiff tending to show, that in 1813 and 1814, he had got wood and timber from the lot, claiming title thereto, and that no timber or wood had been cut thereon before that time. That *Joel Linsley,* the intestate, under whom the defendant claims, went on to the lot in February or March, 1814, and cut timber ; and that no cutting of timber, &c. had been done on the lot before that time, except ing by the plaintiff. That the said *Joel Linsley,* the defendant's intestate, then declared, that the previous chopping, &c. had been done by the plaintiff, and that the plaintiff claimed title to the lot, but that his, the said *Linsley's* title was the best. Evidence was also given on both sides tending to show, that the said *Linsley* and the plaintiff had subsequently and repeatedly got timber and wood from the lot, each claiming title thereto.

The defendant claimed title under a vendue deed from *James O. Walker,* collector of a land tax, to his intestate, and offered said *Walker* as a witness to show he attended to receive the tax on the land agreeable to the law and his advertisement ; (having first executed and delivered to him a discharge, which was

*Addison,*
January,
1827.

Doolittle
*vs.*
Linsley.

executed by the defendant, in his capacity of administrator of the said *Joel Linsley,* deceased, he being such administrator.) The witness was objected to by the plaintiff, and rejected by the court.

The defendant further offered in evidence, a deed from said *Walker* to the intestate, dated 30th March, 1808, which was objected to by the plaintiff, on the ground that it did not appear the same was recorded; and the same was rejected by the court.

The court decided, and so instructed the jury, that if the plaintiff had commenced the first possession upon the lot, by cutting timber and wood thereon, (the same having been previously surveyed, and the lines marked) claiming title thereto, and had continued that possession by repeatedly getting timber and wood from the lot, that he could maintain this action against a stranger. And although it should appear the defendant's intestate, claiming title, had cut timber and wood upon the premises repeatedly, from the time stated, to wit, February or March, 1814, to the time of bringing the suit, yet, if when he went on to cut timber, &c. he knew the plaintiff had previously taken timber and wood from the lot, claiming title thereto, the defendant was a stranger to the title; and that the prior possession of the plaintiff would entitle him to recover.; such possession having been continued down to the time of the acts complained of in the declaration.

A verdict having been returned for the plaintiff, the defendant excepted, &c.

*Phelps,* in support of the motion. The decision of the court was erroneous in deciding that, upon the proof stated in the case, the plaintiff was entitled to recover.

The plaintiff relied upon possession merely.—By the English law, the plaintiff must recover upon the strength of his title: mere possession is not sufficient.----See *Adams on Ejectment,* 28.

The rule, that a party may recover upon the ground of prior possession, is of recent origin, and when he relies upon prior possession, it must be clearly and unequivocally shown. It must be an actual possession. An occasional cutting of timber is not sufficient.----*Jackson* vs. *Harder,* 4 *Johns.* 202.----*same* vs. *Hazen,* 2 *do.* 24.----*same* vs. *same,* 3 *do.* 509.----*same* vs. *Myers,* 3 *do.* 388. ----*same* vs. *Schoonmaker,* 2 *do.* 230.----*Smith* vs. *Isaacs,* 1 *Root's Rep.* 151.----*Miller* vs. *Dow, do.* 413.

The possession should be such as would make a good title under the statute of limitations.

As to the requisites of such a possession, see *Proprietors of Kenebec* vs. *Colls,* 1 *Mass.* 483.

*Doolittle,* contra. Three exceptions are taken to the decision of the court at the jury trial:

1. To the charge to the jury.

2. To the rejection of *J. O. Walker,* as a wintess.

3. To the rejection of the deed from *J. O. Walker,* collector, o *J. Linsley.*

Addison,
January,
1827.

Doolittle
vs.
Linsley.

*First.* The charge was correct. It was substantially instruct-ing the jury, that if they found the plaintiff had priority of pos-session, claiming title, and no title for the defendant, the latter was a stranger, and the former entitled to recover.

This charge is supported by the whole current of authorities, *English* and *American*.

It is a general rule of law, that possession is presumptive ev-idence of title, and from this rule results another general rule, that one in possession may maintain trespass against any one who enters upon that possession without title.

There is nothing perceived in this case, to destinguish it from other cases of this sort. The jury find the plaintiff had prior possession, claiming title, and an entry upon that possession by the defendant, without title. The plaintiff is therefore entitled to judgment.----*Cro. Eliz.* 438, *Bateman* vs. *Allen.*----2 *Saun.* 112, *Allen* vs. *Rivington.*----1 *Burr.* 440, *Waring* vs. *Griffiths.*----*Cro. Jac.* 123.----1 *East,* 244, *Graham* vs. *Beat.*----1 *Wils.* 326, *Kenrick* vs. *Taylor.*----4 *Taun.* 547, *Catteris* vs. *Cowper.*----*New-Hamp. Rep.* 456, *Wendall* vs. *Blanchard.*----*D. Chip. Rep.* 141, *Ellithorp* vs. *Dewing.*----*D. Chip. Rep.* 92-3, *Doe ex. d. Pearsal* vs. *Thorp.*----3 *Johns. Rep.* 1-8.

These authorities, (and I find none to the contrary,) well sup-port the opinion of the court in their charge and direction to the jury. But there is another point in the case which is very decisive as to the actual and legal possession of the plaintiff.

The case finds, that on the 3d of August, 1812, the plaintiff extended an execution on the land, and had the same appraised and set off as the law directs, in part satisfaction of a judgment debt.----3 *Mass. Rep.* 523, *Gore* vs. *Brazier.*----7 *Mass. Rep.* 138-9, *Wellington,* vs. *Gale.*----*Brayt. Rep.* 230, *Brown* vs. *Bates.*----5 *Bac. Abr.* 160.----8 *Mass. R.* 411.----*Swift's Dig.* 162, 512.----1 *Sid.* 203.----4 *Dane's Abr.* 19.---3 *Johns. Cas.* 128.

*Second.* The defendant offered in evidence a deed from *J. O. Walker,* collector of a land tax to his, the defendant's intestate, and offered said *Walker* as a witness to prove an act done by him, as collector, necessary to the validity of the deed : which deed contained a covenant of warranty running with the land, and it was admitted the covenant had never been broken. The defendant, as administrator of *Joel Linsley,* wrote and delivered to said *Walker* a discharge, after he was called upon the stand, and objected to.

Were this a case between the covenantor and covenantee, it could easily be shown that this discharge did not restore the competency of the witness. The rule "that the thing which unbinds must be as strong as that which binds," forcibly applies. This covenant could not be discharged except by deed, even by the covenantee.----4 *Bac. Abr.* 265.----5 *Bac. Abr.* 682.----*Shep. Touch.* 323.----2 *Wils.* 373.---*Yelv.* 192.----*Cro. Jac.* 254.----2 *Wils.* 82.----6 *Coke's Rep.* 44, *et passim.*----3 *Day's Cas.* 433, *Ab-bey* vs. *Goodrich.*

Addison,
January,
1827.

Doolittle
vs.
Linsley.

*Third.* The next exception is to the rejection of the deed offered by the defendant as evidence of title, because it did not appear the same was recorded.

The deed could not be admitted as evidence of title, till recorded. The only evidence of its being recorded was the following certificate, viz :

"Cornwall, March 1st, 1809, received for record.

Attest, Joel Linsley, *Town Clerk.*"

This certificate furnishes no evidence that the deed is recorded. It does, indeed, furnish evidence that it was *received for record;* and here it stops; and the natural inference is, that it was immediately taken off the file, and became alienated from the office.

It is a first rule of evidence, that in every issue, the affirmative must be proved.----*Bull. N. P.* 298.

It was incumbent on the defendant to prove, that the deed was *recorded,* and the defect cannot be supplied by intendment. It is very decisive, that the truth of the certificate is perfectly consistent with the fact, that the deed is still *unrecorded.*

"Where a writing is required, by law, to be recorded in some publick office, to make it evidence, as a deed of land, then it *must appear* to have been recorded to make it admissible evidence."----*Swift's Ev. p.* 5.

And in such case, the certificate signed by the recording and certifying officer must state the fact affirmatively.----3 *Dane's Abr.* 356.----*Stanton* vs. *Button,* 2 *Conn. R.* 527.----*Pendleton* vs. *Button,* 3 *Con. Rep.* 406.----*Ray* vs. *Bush,* 1 *Root's Rep.* 81.----*Franklin* vs. *Cannon,* 1 *Root's Rep.* 500.----*Tucker, Exr.* vs. *Stark & Bell, Brayt. Rep.* 99.

The opinion of the Court was pronounced by

Skinner, Ch. J. It has been repeatedly decided by this court, that prior occupancy is sufficient to entitle the person seized to maintain trespass or ejectment against a stranger to the title, and these decisions are conformable to the common law.

The only inquiry in this case is, did the plaintiff show in evidence on trial, a seizen or possession by prior occupancy, of a character which the law will recognize as sufficient to maintain the action ? and did the court, in charge, instruct the jury correctly in that particular? From the facts reported in the case, it appears that the plaintiff showed no claim to the premises but by occupancy, and that the defendant is a stranger to the title.

The counsel for the defendant insist, and very correctly, that to entitle the plaintiff to recover, he must have shown such acts of ownership exercised and performed by him in the occupancy and possession of the premises, as would have subjected him to an action of ejectment by the original proprietor, and such as would, if continued 15 years, have given him a title under the statute of limitations. If the acts and doings of the party are not such as to evince a claim of title, he must, of course, be re-

*Addison,*
*January,*
*1827.*

Doolittle
*vs.*
Linsley.

garded by all as a mere trespasser. The proprietor, in deciding upon the expediency of prosecuting, will be governed by the extent of the injury, and he may safely desist from asserting his right, where there is no manifestation of a counter claim.

One trespasser cannot be accountable to his co-trespasser, the latter having manifested no claim, or pretended to any right, has, in contemplation of law, no possession that can be disturbed.

In the case before us, the acts proved to have been performed *upon the land* by the plaintiff are not of a character inconsistent with such as may be exercised by a mere trespasser. They are not such as would necessarily be taken and considered by the owner or proprietor as evidence of a claim of title.

The erection of fences, or making permanent improvements, are of a character that cannot be mistaken for acts of trespass. They clearly indicate a claim of title, and must put the owner on his guard. If there is nothing more than cutting and taking timber and wood from year to year and time to time, although it should be continued for fifteen years in succession, we cannot say that this would give a title under the statute, especially if the premises are disconnected with other improved lands of the party, and are wholly wild and uncultivated.

It appeared on trial, and is now admitted, that the lands in question are not susceptible of cultivation, being swampy and only valuable for timber. Although the acts of the plaintiff upon the land were not of a character necessarily indicating claim of title, it is to be noticed they are not exclusively acts of trespass, but are such as may well be performed by, and are the ordinary acts of the owner, or person claiming title. To give character to such acts, it may be necessary to look for other evidence. We will therefore examine the case, and ascertain whether the plaintiff has furnished the jury with the evidence which the law requires. The facts shown in evidence are that, in August 1812, the plaintiff levied an execution upon the lot in question, it was appraised to him as the estate of his debtors, - *L. & R. Clark.* L. & R. Clark had before that time, viz. on the 13th day of August, A. D. 1811, taken the same lands in execution against *C. Humphrey.* C. Humphrey had purchased the same of *E. Andrus* by deed dated 28th January, 1805. E. Andrus claimed by deed of *D. Weston,* dated 22d December, 1794, described as half the original right of *Geo. Nichols.* A survey is also shown of the lot in question to E. Andrus upon the right of Geo. Nichols, dated 5th April, 1798. The metes and bounds, described in the survey, are the same as described in the officer's return upon the execution of the plaintiff. This actual survey of the lot, and the recording of the survey, as also of the deeds, &c. are not equivocal acts, but furnish clear and decided evidence of a claim of title.

The levy of the execution of the plaintiff, and thereby satisfying a debt to a large amount, and causing the record thereof to be made, is to be regarded in the same light. The effect of the

*Addison,*
January,
1827.

Doolittle
*vs.*
Linsley.

survey by Andrus, under whom the plaintiff claims, must be the same as if made by the plaintiff. The evidence of this claim, by the several persons named, has been made publick by the actual survey and recording of the survey, deeds, &c.

The cutting and taking from the premises, wood and timber by the plaintiff, immediately after the time of redemption expired, and as soon as he would have a right to enter, if a perfect title had been acquired by the levy, are acts, therefore, fully explained by that which had before transpired, and the claim made as publick as can be required.

But it is insisted the possession must be *exclusive,* and that it appears the ancester of the defendant, soon after the plaintiff, commenced the exercise of similar acts, and that both have since continued cutting, &c.

If the plaintiff, for the first trespass committed upon the land by the deceased, in March, 1814, could have maintained an action at that time, by the force of his prior occupancy, he can of course maintain an action for any subsequent trespass, having never abandoned, but continued the claim by the same acts of ownership.

To acquire a title by the statute of limitations, the possession or occupancy must be *exclusive,* or rather it must not be concurrent with the *owner.*

If in this case, Linsley had made no claim to the premises, but had acted under licence of Doolittle, there would be no doubt 15 years from the entry of Doolittle, would bar the owner. Of course, whenever two or more persons, under claim of title, enter upon, use, and occupy, for more than 15 years, unmolested by the proprietor, although they claim severally and in opposition to each other, the title of the former proprietor, he having made no claim for that period, is gone. The title of the owner is extinguished by a possession adverse to him for fifteen years, and when his title is determined, it will vest in him who has occupied for the term of fifteen years, and not in him who has occupied but for fourteen years, or any other period short of fifteen years.

If, then, as we consider the acts of the plaintiff upon the lands, of the character and description shown on trial, connected with the evidence of the claim of right, are sufficient to give a title by fifteen years continued exercise, he can maintain this action against a stranger to title, and such the defendant, from the evidence, must be regarded.

We have no hesitation in saying, that the acts of the plaintiff, as shown in evidence, would preclude him from the benefits of a disclaimer, in the action of ejectment.

It may be proper to notice, that although there have been heretofore, some decisions of our courts, giving a construction to the statute calculated to divest the proprietor of his title, where the person claiming had entered without *colour* of title, and had made no permanent improvements, or enclosures, they have not been supported by the more recent determinations.

In this case, the acts of the plaintiff were the ordinary acts of an owner of the premises, accompanied by claim of title, and this made publick; and his entry was by *colour* of title, *i. e.* a supposed title by levy of, and an appraisal upon, execution. We are, therefore, unanimously of opinion that the instruction to the jury was correct, and that not only by the decisions of the courts in this state, but by the decisions of the courts in *England*, these principles are. fully recongized.—4 *Taunt.* 547, *Cutler* vs. *Cowper.*—2 *Saund.* 111, *Harrington* vs. *Rivington.*— 1 *D. Chipman's Rep.* 141. *Elithorp* vs. *Dewing.*—1 *D. Chip. Rep.* 92, *Pearsal* vs. *Thorp.*

*Addison,* January, 1827.

*Doolittle vs. Linsley.*

Judgment of the county court affirmed.

*Joel Doolittle* and *Peter Starr*, for the plaintiff.

*Horace Linsley*, *R. B. Bates* and *S. S. Phelps*, for the defendant.